UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * * * * * * * * * * * * * *

DONALD W. CUBITT, as Next
Friend of Donald B. Cubitt,

        Plaintiff,

v                                    Hon: _____
                                     File No. _____

CITY OF CADILLAC POLICE DEPARTMENT,
PATROLMAN ZACHERY HICKS, and
SGT. NICK BERTRAM, individually and in
their official capacity, jointly and severally,

        Defendants.
_____/

Richard F. Cummins (P69582)
Attorney for Plaintiff
Neumann Law Group
300 East Front Street, Suite 445
Traverse City, MI 49684
(231) 221-0050
rich@neumannlawgroup.com
_____/

**COMPLAINT AND JURY DEMAND**

      There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

# COMPLAINT

NOW COMES Plaintiff, Donald W. Cubitt by and through his attorneys, Richard F. Cummins and Neumann Law Group, and for his Complaint against the above-named Defendants states as follows:

## Jurisdiction and Venue

1. Donald W. Cubitt, is the father and next friend of Donald B. Cubitt ("Plaintiff Minor"), a minor.

2. Plaintiff Minor is currently a resident of the City of Cadillac, Wexford County, Michigan.

3. Defendant City of Cadillac Police Department is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

4. The individually named Defendants, Sgt. Nick Bertram and Patrolman Zachery Hicks, are and were police officers employed by the City of Cadillac Police Department, and were acting under color of law in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

5. All events giving rise to this lawsuit occurred in the City of Cadillac, Wexford County, Michigan.

6. This lawsuit arises out of Defendants' violation of Plaintiff Minor's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff Minor has a viable claim for damages under 42 U.S.C. Sect. 1983.  Plaintiff Minor also has viable state law claims.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), not including interest, costs, and attorney fees.

## Relevant Facts

9. Plaintiff Minor realleges and incorporates by reference each and every paragraph 1-8 above, as though fully set forth herein.

10. On March 30, 2020, City of Cadillac Police Officers were dispatched to 204 Granite Street, Cadillac, Michigan, for a domestic assault not in progress, allegedly involving Plaintiff Minor and his sister.

11. While in route to 204 Granite Street, Defendant Hicks was advised by dispatch over the radio that Plaintiff Minor had pushed his sister down and he was wearing a red sweatshirt and dark pants with a backpack, heading south toward Cooley School.

12. On March 30, 2020, Plaintiff Minor was walking at or near the intersection of Laurel Street and Pearl Street in the City of Cadillac, Michigan.

13. While in route to 204 Granite Street Defendant Hicks did identify Plaintiff Minor walking on Laurel Street based on the description provided by dispatch.

14. Defendant Hicks pulled up behind Plaintiff Minor, exited his vehicle, and yelled for Plaintiff Minor to stop.

15. Defendant Hicks was directly behind Plaintiff Minor and entirely outside of his field of vision.

16. Plaintiff Minor was wearing headphones and could not hear Defendant Hicks.

17. Plaintiff Minor at no time made any gestures indicating any awareness on his part of Defendant Hicks, who had situated himself directly behind Plaintiff Minor at a considerable distance.

18. Plaintiff Minor continued to walk towards the intersection of Laurel and Pearl Streets.

19. Defendant Hicks was in ongoing radio communication with Defendant Bertram throughout the incident. He radioed Defendant Bertram that Plaintiff Minor was not stopping and instructed Defendant Bertram to cut Plaintiff Minor off.

20. Defendant Hicks then began to run towards Plaintiff Minor at a fast pace for approximately 11 seconds until he made physical contact with Plaintiff Minor.

21. Both Defendant Hicks and Defendant Bertram approached Plaintiff Minor from directly behind him and outside of his field of vision. Moments before Defendant Hicks made contact with Plaintiff Minor, Defendant Bertram quickly and abruptly drove around Plaintiff Minor from behind and cut him off with his vehicle. Before Plaintiff Minor could understand what was happening, Defendant Bertram opened the door of his vehicle, ran towards Plaintiff Minor at an accelerated pace and tackled him to the ground.

22. Defendant Hicks did intentionally keep his distance until Defendant Bertram was out of his car so that he and Defendant Bertram would hit Plaintiff Minor simultaneously and multiply the force with which Plaintiff Minor was struck.

23. Defendant Hicks and Bertram then each hit Plaintiff simultaneously. Both officers were running at an accelerated pace when tackling Plaintiff Minor to the ground, before pulling his arms behind his back and double locking handcuffs.

24. The force of the blow dislocated Plaintiff Minor's right hip and caused a chip or avulsion fracture of his anterior femoral head. Plaintiff Minor, 16 years of age, was completely surprised when he was hit by two much larger male officers simultaneously, and he cried, screamed and writhed in pain from his injury and shock, as he was held handcuffed on the ground while it snowed.

25. Headphones were located by the officers on the ground near where Plaintiff Minor was hit and tackled to the ground.

26. Neither Defendant Hicks nor Defendant Bertram had any contact with Plaintiff Minor's sister prior to their encounter with Plaintiff Minor resulting in Plaintiff Minor being injured and eventually hospitalized.

27. Plaintiff Minor did nothing to resist arrest. He did not run, nor did he take any aggressive action against the officers, nor was any weapon found on him.

28. As a result of Defendants' unlawful and excessive actions and or inactions, Plaintiff Minor suffered significant injuries and damages.

## COUNT I
## FALSE ARREST/FALSE IMPRISONMENT

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28, above, as if fully set forth herein.

30. Defendants caused the arrest and/or imprisonment of Plaintiff Minor without any legal justification and/or probable cause by fabricating evidence against Plaintiff Minor.

31. Defendants did cause Plaintiff Minor to be held against his will and/or imprisoned without any legal justification and/or probable cause.

32. Defendants restricted Plaintiff Minor's liberties against his will.

33. Defendants' actions were without legal justification and/or probable cause.

34. As a result of Defendants' actions, Plaintiff Minor suffered injuries and damages.

35. Defendants' actions were so egregious and so outrageous that Plaintiff Minor's damages were heightened and made more sever so that Plaintiff Minor is entitled to exemplary damages.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983-ILLEGAL SEARCH AND SEIZURE

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. The Fourth Amendment to the United States Constitution establishes that Plaintiff Minor has the right to be free from the deprivation of life, liberty and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

38. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff Minor's Fourth Amendment rights to the United States Constitution.

39. Defendants acted unreasonably and failed in their duties when they unlawfully tackled Plaintiff Minor and falsely arrested/detained/seized Plaintiff Minor without considering the totality of the circumstances.

40. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff Minor's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

41. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff Minor's deprivation of his constitutional rights.

42. Due to Defendants' actions, Plaintiff Minor's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth by 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff requests this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT III**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983-EXCESSIVE FORCE**

43. Plaintiff realleges and incorporates by reference each and every paragraph 1 through 42 as if fully set forth herein.

8

44. The Fourth Amendment to the United States Constitution establishes that Plaintiff Minor has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

45. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff Minor's Fourth Amendment rights to the United States Constitution.

46. Defendants violated Plaintiff Minor's rights as secured by the Fourth Amendment to the United States Constitution by unlawfully seizing Plaintiff Minor in using excessive force during the course of arrest of Plaintiff Minor. Specifically, Defendants Bertram and Hicks simultaneously hit Plaintiff Minor while running and tackled him to the ground and handcuffed him, causing him injuries including a dislocated right hip and an avulsion fracture to Plaintiff Minor's anterior femoral head.

47. Defendants' acts were at all times objectively unreasonable and in violation of Plaintiff Minor's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff Minor.

48. Defendants are not entitled to qualified immunity because they violated Plaintiff Minor's clearly established Fourth Amendment right to be free from excessive use of force.

49. As a proximate result of Defendants' violations and/or deprivations of Plaintiff Minor's constitutional rights, Plaintiff Minor has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney fees.

### COUNT IV
### CITY OF CADILLAC POLICE DEPARTMENT CONSTITUTIONAL VIOLATIONS

50. Plaintiff realleges and incorporates by reference paragraphs 1 though 49 as if fully set forth herein.

51. Defendant City of Cadillac Police Department acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff Minor.

52. These customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Cadillac Police Department knew or should have known were violating or where prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

53. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

54. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff Minor's injuries.

55. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff Minor's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff Minor has a viable claim for compensatory and

punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney fees.

                                                  Respectfully submitted,

                                                  NEUMANN LAW GROUP
Dated:  November 11, 2020     By:     /s/ Richard F. Cummins_____
                                                  Richard F. Cummins (P69582)
                                                  Attorney for Plaintiff
                                                  300 East Front Street, Suite 445
                                                  Traverse City, MI 49684

## **JURY DEMAND**

NOW COMES Plaintiff by and through his attorneys Richard F. Cummins and Neumann Law Group and hereby demands a trial by jury.

                                                  NEUMANN LAW GROUP
Dated:  November 11, 2020     By:     /s/ Richard F. Cummins_____
                                                  Richard F. Cummins (P69582)
                                                  Attorney for Plaintiff
                                                  300 East Front Street, Suite 445
                                                  Traverse City, MI 49684
                                                  231-221-0050
                                                  rich@neumannlawgroup.com